**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Fausto TURCIOS CALDERON, aka
Fausto Calderon, aka Juan Carlos
Calderon, Defendant–Appellant.**

**No. 09–50504.**

United States Court of Appeals,
Ninth Circuit.

cation and is not precedent except as provided by 9th Cir. R. 36–3.

604

Submitted June 9, 2011.*

Filed June 17, 2011.

James Michael Left, Special Assistant
U.S. Attorney, Michael J. Raphael, Es-
quire, Assistant U.S. Attorney, Office of
the U.S. Attorney, Los Angeles, CA, for
Plaintiff–Appellee.

James H. Locklin, Esquire, Assistant
Federal Public Defender Office, Los Ange-
les, CA, for Defendant–Appellant.

Fausto Turcios–Calderon, pro se.

Before: BEEZER, TROTT, and
RYMER, Circuit Judges.

## MEMORANDUM **

Fausto Turcios Calderon appeals the
district court's imposition in 2009 of a be-
low-Guidelines sentence for illegal reentry
after deportation in violation of 8 U.S.C.
§ 1326. We have jurisdiction under 18
U.S.C. § 3742 and 28 U.S.C. § 1291, and
we affirm.

After the district court sentenced Turc-
ios Calderon to 48 months in prison, the
United States Sentencing Commission
added Application Note 8 to § 2L1.2 of the
United States Sentencing Guidelines.
This Application Note states that cultural
assimilation may be, in certain § 1326
cases, an appropriate basis for a downward
departure. *See* U.S. Sentencing Guide-
lines Manual § 2L1.2 cmt. n. 8 (2010).
Turcios Calderon argues that the Applica-
tion Note is retroactive and that his sen-
tence should be vacated and remanded so

the district court can consider the new
Application Note at resentencing.

We do not reach the question of whether
Application Note 8 is retroactive be-
cause—even assuming it *is* retroactive—
the district court already considered cul-
tural assimilation in imposing Turcios Cal-
deron's below-Guidelines sentence. Our
law has recognized since 1998 the authori-
ty of a sentencing court to depart down-
ward based on a defendant's cultural as-
similation if the cultural ties to the United
States so warrant. *United States v. Lip-
man,* 133 F.3d 726, 730–32 (9th Cir.1998).

At sentencing, Turcios Calderon argued
under *Lipman* that his cultural and family
ties—including the age at which he came
to the United States, his long residency in
this country, his attendance of school here,
and the citizen status of his family mem-
bers—justified a sentence below the
Guidelines range. The district court's re-
marks at the sentencing hearing reveal
that the district court considered and ac-
cepted that argument, imposing a sentence
a full 22 months below the low end of the
Guidelines range of 70 to 87 months.

Turcios Calderon's other argument, that
his 48-month sentence is substantively un-
reasonable, fails because the district court
appropriately exercised its discretion in
determining the length of the sentence.
*See United States v. Carty,* 520 F.3d 984,
993 (9th Cir.2008) (en banc). Because we
are dealing with a non-Guidelines sen-
tence, "we are to 'give due deference to the
district court's decision that the § 3553(a)
factors, on a whole, justify the extent of
the variance.'" *Id.* (quoting *Gall v. Unit-
ed States,* 552 U.S. 38, 51, 128 S.Ct. 586,
169 L.Ed.2d 445 (2007)). Turcios Calder-
on's extensive criminal history certainly

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
   cation and is not precedent except as provid-
   ed by 9th Cir. R. 36–3.

justifies the district court's decision not to grant a greater downward departure. Turcios Calderon asked the district court for a sentence "significantly lower than the guideline sentence"—which is exactly what he got.

AFFIRMED.

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.